**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

_____
                                            )
**In the Matter of the Complaint of**    )
**MARTIN NEE AND CLARE GUERIN,** )
**as Owners of S/V INISHNEE, O.N. 598187,** )    **Civil Action No.**
**for Exoneration from or Limitation**    )    **20-10401-FDS**
**of Liability,**    )
    )
        **Petitioners.**    )
_____)

**ORDER APPROVING SECURITY, DIRECTING ISSUANCE OF NOTICE AND THE
FILING OF CLAIMS, AND RESTRAINING SUITS**

**SAYLOR, C.J.**

WHEREAS, a complaint was filed on February 28, 2020, by the petitioners, Martin Nee and Clare Guerin, as owners of the "S/V INISHNEE," ("the vessel") for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501-30512, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, concerning any claims and/or losses arising out of their vessel's allision with the Spinnaker Island Bridge in Hull, Massachusetts, on November 1, 2019; and

WHEREAS, the complaint states that the value of the petitioners' interest in the vessel did not exceed the sum of $16,000 after the November 1, 2019 incident; and

WHEREAS, petitioners have undertaken to deposit with the Court an *ad interim* security of $16,500, sworn to on February 26, 2020, for the benefit of any and all claimants, with surety, equal to the amount or value of petitioners' interest in the vessel plus costs as required by Supplemental Rule F(1), with interest at six percent *per annum* from the date hereof, executed by GEICO Marine Insurance Company;

NOW, THEREFORE, on motion by petitioners, it is hereby ordered that:

1. The *ad interim* security and interest undertaken by petitioners and GEICO Marine Insurance Company in the total amount of $16,500 plus six percent interest *per annum* representing petitioners' interest in the vessel plus costs of $500 is hereby approved and shall be deposited with the Court by April 1, 2020.  If the security is not deposited with the Court by that date, the injunction entered below in this order shall be vacated as to all claimants.
2. The Court, upon motion and good cause shown, shall cause appraisement of the value of the vessel, and may thereupon order said security increased or reduced if it finds the amount of the security to be insufficient or excessive.
3. Any claimant in these proceedings may, upon good cause shown and by written notice filed with the Court and served upon all parties of record, express its dissatisfaction with the $16,500 security filed as surety.  In that event, petitioners shall within 30 days of the entry of an order by the Court concerning the surety, cause security to posted in the form provided by Supplemental Rule F(1) and satisfactory to this Court.  If the petitioners fail to do so, the injunction entered below in this order shall be vacated as to all claimants.
4. A notice shall be issued by the clerk of this Court to all persons asserting claims or suits to which the complaint seeks exoneration from or limitation of liability admonishing them to file their respective claims with the clerk of this Court, in writing, and to serve a copy on the attorney for the petitioners, by April 15, 2020, or be defaulted.  If any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such claimant shall file and serve on the attorney for the petitioners, David J. Farrell, Jr., Farrell Smith O'Connell, P.O. Box 186, South Chatham, MA 02659, an answer to the complaint by April 15, 2020, unless the claim has included an answer to the complaint, so designated, or be defaulted.

5.  The notice described above shall be published in THE BOSTON GLOBE, a newspaper with general circulation, once a week for four successive weeks before April 15, 2020, as provided by Supplemental Rule F, and copies of the notice shall be mailed by petitioners in accordance with Supplemental Rule F to every person known to have any claim against the vessel or petitioners, to their attorneys.

6.  The further prosecution of any and all actions, suits, and proceedings already commenced, and the commencement or prosecution hereafter of any and all legal proceedings of any nature and description whatsoever in any court of any jurisdiction against the petitioners, the vessel, and/or their insurers, and the making of any motion in such actions, suits, or proceedings except in this action, to recover damages for or in respect to the accident alleged in the complaint, are hereby restrained, stayed, and enjoined until the hearing and determination of this action.  All warrants of arrest of the vessel and/or attachment issued or sought in such other legal proceedings are hereby dissolved and further warrants or arrest or attachment are hereby prohibited.

7.  The service of this order as a restraining order shall be made by mailing a conformed copy of this order by first-class mail to the person or persons to be restrained, or to their attorneys.

**So Ordered.**

Dated:  March 4, 2020

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court